UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBIN AND LEONARDO
SELVAGGI,

     Plaintiffs,

     v.

POINT PLEASANT BEACH
BOROUGH, *et al.*,

     Defendants.

Civ. No. 22-00708 (RK)(JBD)

MEMORANDUM ORDER

Plaintiffs Robin and Leonardo Selvaggi have filed a Motion for Leave to Amend their Complaint [Dkt. 22 ("Motion")], which Defendants Point Pleasant Beach Borough Council (the "Council") and Point Pleasant Beach Borough (the "Borough") (collectively, "Defendants") oppose. [Dkt. 26 ("Brief in Opposition").] Pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 78.1, the Court has considered the Motion on the papers without oral argument. For the reasons set forth below, Plaintiffs' Motion is granted.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs primarily reside in the State of California, but own three residential rental properties in the Borough. [Dkt. 1-1 ("Complaint")] ¶¶ 1, 11. Plaintiffs both (1) rent their Borough properties to visitors of the Borough, and (2) "make their [Borough] properties available" to their relatives "free of charge." [Dkt. 22-2 ("Brief in Support")] at 1; Compl. ¶ 1.

1

On December 7, 2021, the Borough adopted Ordinance 2021-33 (the "Ordinance") to regulate the short-term rental use of residential properties. Compl. ¶¶ 13-14; Ordinance 2021-33.  One section of the Ordinance restricts the duration of rentals, which is meant "to curtail, and in certain circumstances prohibit, the increasingly widespread practice of renting or leasing" residential properties "on a short-term basis to transient guests."  Compl. ¶¶ 44-45; Ordinance § 13-14.1(A).  The Ordinance provides that, except for certain exempted owners who also are residents of the Borough, no short-term rentals of less than one month are permitted, except during the period from May 15 through September 30 (the "Summer Rental Season"), during which short-term rentals of a minimum of seven days are permitted.  Compl. ¶¶ 46-47, 49-50 (citing Ordinance §§ 13-14.2-14.6).

Under the Ordinance, however, before owners of short-term rentals may rent their properties, they must apply for and obtain a "rental certificate of occupancy" and a "rental license," which expire either "on December 31 of the year issued, or until a change in occupancy occurs, whichever occurs first."  *Id.* ¶¶ 21, 40 (quoting Ordinance §§ 13-6, 13-11).  Each application for a rental certificate of occupancy and a rental license requires that an inspection of the premises be conducted by the Borough within 30 days of the application.  *Id.* ¶ 37 (citing Ordinance § 13-9(d)).

A.    Plaintiffs' Complaint

On January 24, 2022, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Ocean County, challenging the Ordinance. The Complaint alleges, among other things, that the Ordinance's inspection and licensing requirements violate Plaintiffs' substantive constitutional and property rights. Compl. ¶¶ 13, 72-73, 77, 85; Br. in Support at 1. More specifically, the Complaint alleges that the Ordinance targets and discriminates against non-resident owners of rental properties, and that "the effect" of the Ordinance's certificate and licensing requirements is that short-term rentals—even during the permitted Summer Rental Season—are rendered "virtually impossible" since the certificates and licenses expire and require re-application and re-inspection upon each and every change in tenancy. Compl. ¶¶ 41-42, 53. Plaintiffs' Complaint also objects to the Ordinance's definition of "Rental," which applies not only to paid rentals, but also extends to "the use of a residence by someone other than the owner even though no funds are transferred for said use." *Id.* ¶ 17 (quoting Ordinance § 13-2).

Plaintiffs' Complaint asserts five counts against Defendants: (1) invalidation of the Ordinance as arbitrary, capricious, and unreasonable; (2) invalidation of the Ordinance as unconstitutional; (3) invalidation of the Ordinance under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; (4) invalidation of the Ordinance under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1. *et seq.*; and (5) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2. *Id.* ¶¶ 70-98.

3

B.    Order to Show Cause and Removal to Federal Court

On the same day that they filed their Complaint, Plaintiffs also filed an

Order to Show Cause [Dkt. 1-1 ("OTSC")] (1) why the Ordinance was not invalid, in

whole or in part, or alternatively, (2) why the Court should not enter a declaratory

judgment that the Ordinance is *ultra vires* and void, in whole or in part.  OTSC at 1.

Defendants removed the matter to this Court on February 9, 2022.  [Dkt. 1.]

On May 25, 2022, the Court entered an opinion and order [Dkts. 10, 11]

granting Plaintiffs' OTSC in part, and the Court issued a limited injunction

enjoining the Ordinance's "overbroad definition of the term 'Rental,' which, as

drafted, infringes on Plaintiffs' fundamental right to privacy under the New Jersey

Constitution."  [Dkt. 10] at 1.  The Court applied the principle of severance to limit

the Ordinance's definition of "Rental" to "the use of a residence by someone other

than the owner where funds are transferred for said use."  *Id.* at 1-2.

In the section of its opinion addressing Plaintiffs' "state law *ultra vires*

claim," the Court took note of Plaintiffs' allegations that, when "practically applied,"

the Ordinance might create a "moratorium on short term rentals."  *Id.* at 22, 25.

The Court pointed out that, according to Plaintiffs, "the Ordinance seemingly

requires a new application, and a new inspection, upon every change in tenancy for

rentals less than one year in duration," and that "[b]ecause inspections are

conducted within thirty days after filing of a new application, the practical effect is

that short-term rentals, *i.e.*, a minimum of seven days, between May and

September, may be impossible due to the lack of timely inspections."  *Id.* at 26.  But

the Court explained that "while these allegations raise red flags, Plaintiffs have not

set forth sufficient facts as to how, and when, the Borough conducts these particular

inspections to meet its burden of demonstrating a likelihood of success on the

merits." *Id.*

####     C.     Motion to Dismiss and Motion to Amend

On June 14, 2022, Defendants filed a motion to dismiss the Complaint.  That

motion was fully briefed as of August 8, 2022.  [Dkts. 13, 14, 16, 19.]

Thereafter, on October 3, 2022, with the motion to dismiss still pending,

Plaintiffs sent Defendants a copy of a Proposed Amended Complaint and asked for

Defendants' consent to file it.  [Dkt. 22-1 ("Torkelson Declaration")] ¶ 4.  When

Defendants did not consent to the amendment, Plaintiffs filed the present Motion

on November 17, 2022.[1]  A brief summary of the proposed amendments is set forth

below.

####          1.     New Factual Allegations

In the Proposed Amended Complaint, Plaintiffs first seek to add new factual

allegations related to the "practical application" of the Ordinance during the

Summer Rental Season of 2022, which was the first Summer Rental Season in

which the Ordinance was applied.  Br. in Support at 3; Torkelson Decl. Exs. A and B

¶¶ 76-81.  The proposed new factual allegations are included under Count One and

allege facts regarding the timeliness of the Borough's inspections of Plaintiffs' and

---

[1]     The Court terminated Defendants' motion to dismiss [Dkt. 13] on November
18, 2022 in light of the present Motion. [Dkts. 22-23.]

other owners' short-term rentals during the 2022 Summer Rental Season; how

those inspections were conducted; and the alleged inability of non-resident out-of-

state short-term rental owners, including Plaintiffs, to "obtain inspections,

certificates of occupancy and/or licenses in a timely manner in order to rent

properties even within the parameters allowed by the Ordinance."  Torkelson Decl.

Ex. A ¶¶ 76-81; *see also* Br. in Support at 3.   Plaintiffs note that these new factual

allegations do not assert new causes of action, but rather provide amplified factual

support for the existing claims in the Complaint related to the Ordinance's practical

effect and application, which were mere "red flags" that the Court identified in its

opinion on the OTSC, but which now are alleged facts that Plaintiffs can articulate

after having completed the first Summer Rental Season under the Ordinance.  Br.

in Support at 3-4 (citing Compl. ¶¶ 37-43; [Dkt. 10] at 25-26).

2.      <u>Dormant Commerce Clause</u>

Plaintiffs also seek to amend Count Two to include a challenge specifically

under the Dormant Commerce Clause based on a recent Fifth Circuit opinion,

*Hignell-Stark v. City of New Orleans*, 46 F.4th 317 (5th Cir. 2022).  Plaintiffs assert

that the Fifth Circuit there "held that New Orleans' regulation of short term rentals

explicitly discriminated against interstate commerce, specifically out-of-state

owners of short term rental properties, was unconstitutional under the [D]ormant

Commerce Clause."  Br. in Support at 4.  Plaintiffs assert that the New Orleans

regulation and the Ordinance "share sufficient factual and legal aspects that the

Fifth Circuit's reasoning and ruling in *Hignell-Stark* also applies to this action."  *Id.*

Defendants oppose the Motion, arguing that the proposed factual amendments should be asserted in a separate action.  Br. in Opposition at 3-4.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(1) provides that a pleading may be amended once as a matter of course within 21 days after either service of the pleading or 21 days after a responsive pleading or motion is served, whichever is earlier.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiffs seek to amend their Complaint more than 21 days after Defendants filed their motion to dismiss, and Defendants have declined to consent to Plaintiffs' Proposed Amended Complaint.

Where, as here, the Plaintiff must seek leave to amend from the court, that leave "shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Simmermon v. Gabbianelli*, 932 F. Supp. 2d 626, 635 (D.N.J. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  This liberal policy of permitting amendment exists "in light of the 'principle that the purpose of pleading is to facilitate a proper decision on the merits,'" and "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits." *Grasso v. Consolidated Rail Corp.*, Civ. No. 12-398 (KM) (MAH), 2013 WL 3167761, at *7 (D.N.J. June 20, 2013) (quoting *Foman*, 371 U.S. at 182).

Consequently, "[a]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment." *Id.* (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)).

## III.   DISCUSSION

Defendants do not argue undue delay, bad faith, dilatory motive, or futility of amendment as bases for denying the proposed amendments, and the Court does not discuss them further. *See Grasso*, 2013 WL 3167761, at *8 (stating that where "[d]efendant has not argued bad faith, dilatory motive, undue prejudice, or that plaintiff's proposed amendments would be futile," "the Court need not conduct an analysis of these elements under Rule 15(a)(2)"). Neither do Defendants argue— expressly, at least—that they will suffer undue prejudice should Plaintiffs be permitted to add their proposed amendments to the Complaint. Br. in Opposition at 2-4. But because portions of Defendants' opposition, charitably construed, can be understood to argue undue prejudice, out of an abundance of caution the Court will analyze that prong.

The Court first notes that Defendants do not take issue with Plaintiffs' request to add a legal theory under the Dormant Commerce Clause as to Count Two of the Complaint. Defendants do, however, protest Plaintiffs' proposed factual amplification in support of their challenge to the Ordinance in Count One. Defendants' principal complaints appear to be that the parties have already fully

briefed a motion to dismiss, and that the amendments will require them to engage in discovery.  As a proposed solution, Defendants ask the Court to tell Plaintiffs that as a general matter, short-term rentals constitutionally can be regulated; that "the regulations can substantially be what the Borough has passed"; and that, in a separate proceeding, a court can address the as-applied challenges in light of the new proposed factual allegations.  *Id.* at 3-4.  Nowhere, however, do Defendants explain how litigating the as-applied challenges in a separate civil action will relieve them of the burden of responding to those factual allegations.

The Court rejects Defendants' proposed course of action.  Under Rule 15(a), undue prejudice focuses not on the weakening of the defendants' litigating position in the abstract, but on the practical "hardship to the defendants if the amendment were permitted."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).  This inquiry requires the Court to consider "additional discovery, cost, and preparation to defend against new facts or new theories."  *Id.* (citations omitted).  "The amount of prejudice needed to justify the denial of leave to amend is significant; it must be 'substantial or undue.'"  *In re Fleming Cos., Inc.*, 323 B.R. 144, 148 (Bankr. D. Del. 2005) (quoting *Cureton*, 252 F.3d at 273).  *See also Cureton*, 252 F.3d at 269, 274 (affirming the District Court's finding of undue prejudice where the amendment could lead to "*further* discovery requests and significant *new* preparation" and force the defendant to "begin litigating this case again" after the case had been ongoing for nearly four years and summary judgment had already been granted to

9

defendant) (emphasis added).  On the other hand, mere "inconvenience to a party or the strengthening of the movant's legal position does not provide sufficient prejudice." *In re Fleming Cos., Inc.*, 323 B.R. at 148 (citing *Cuffy v. Getty Ref. & Mktg. Co.*, 648 F. Supp. 802, 806 (D. Del. 1986)).

Here, the litigation is at its earliest stages—no scheduling order has been entered and there has been no formal discovery.  Although the parties have already briefed a motion to dismiss [Dkts. 13, 14, 16, 19], Defendants will suffer no more than minor inconvenience by having to refile a motion to dismiss the Amended Complaint (if they deem it warranted), or by otherwise answering the Amended Complaint and proceeding to discovery.  That inconvenience hardly is the kind of "substantial or undue" prejudice required to deny a motion to amend.  This is particularly true if, as Defendants appear to recognize, discovery will be required in some forum regardless, in light of Plaintiffs' new proposed factual allegations.  Defendants' proposal—to require multiple civil actions that relate to the same core issue—would inflict rather than avoid substantial prejudice.  The Court concludes that no prejudice, undue or otherwise, will ensue by permitting Plaintiffs' proposed amendments in this action.  In light of Rule 15(a)(2)'s directive that leave be freely granted, the Court grants leave here.

Because (1) Plaintiffs' proposed amendments relate to the initial Complaint and are premised on new factual allegations that arose after the initial Complaint was filed, (2) Defendants do not argue undue delay, bad faith, dilatory motive, or

futility of amendment, and (3) the Court does not find undue prejudice, the Court

grants Plaintiffs' Motion to Amend.

## IV.     CONCLUSION

For the foregoing reasons, and for good cause shown,

**IT IS** on this **2nd day of June, 2023**,

**ORDERED** that Plaintiffs' Motion to Amend is **GRANTED**; and it is

further

**ORDERED** that Plaintiffs shall file their Proposed Amended Complaint

within seven (7) days of the date of this Order; and it is further

**ORDERED** that Defendants shall file an answer or otherwise respond to

the Amended Complaint within fourteen (14) days of its filing.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE